UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WANLAND & ASSOCIATES, INC., | : | CIVIL ACTION NO. 05-1191 (MLC) |
|  | : |  |
|     Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
|     v. | : |  |
|  | : |  |
| NORTEL NETWORKS LIMITED, | : |  |
| et al., | : |  |
|  | : |  |
|     Defendants. | : |  |

**THIS MATTER ARISES**, <u>inter</u> <u>alia</u>, on the Court's order to show cause why the action should not be remanded to New Jersey Superior Court, Ocean County, for lack of jurisdiction under 28 U.S.C. §§ ("Sections") 1334 and 1452.  (3-29-05 Ord. to Show Cause.)  The Court had advised the parties previously that the action would be referred to the United States Bankruptcy Court pursuant to Section 157 if there were jurisdiction.  (<u>Id.</u> at 5, n.2.)  The following parties have responded to the Court's inquiry:  (1) former defendant Nortel Networks Corporation ("NNC"); (2) the defendants Nortel Networks Limited ("NNL") and Nortel Networks, Inc. ("NNI"); and, (3) the plaintiff.  The defendant Qwest Communications International, Inc. ("QCI") has filed other papers, discussed <u>infra</u>.

**THE RESPONDING PARTIES ARGUE** there is jurisdiction under Section 1334 because:  (1) nonparty NorVergence is a debtor in a federal bankruptcy proceeding, <u>In re NorVergence</u>, Bankr. D.N.J.

Case No. 04-32079-RG; (2) NorVergence agreed to indemnify and
hold the defendants harmless for claims arising out of the use of
its allegedly faulty products; (3) the plaintiff's claims against
the defendants here concern NorVergence's allegedly faulty
products; (4) the commencement of the action triggered the
indemnity agreement; and, (5) the outcome of the action directly
impacts NorVergence's liabilities and will affect its creditors,
and thus the action is "related to" the bankruptcy proceeding.
(4-18-05 NNC Br., at 4-5, 13-20; 5-4-05 Pl. Br., at 1, 10-13; 5-
13-05 NNL & NNI Br., at 1, 6-7.)  The plaintiff asserts that it:

> had no knowledge of the [agreement between the
> defendants] and NorVergence when [it] filed its action
> in New Jersey state court. However, that contract,
> which was attached to [the] Notice of Removal,
> contains an indemnity clause which appears to give
> rise to federal jurisdiction under [Section] 1334(b).

(5-4-05 Pl. Br., at 10.)  NNC notes there are at least 43
adversary proceedings pending against NorVergence in Bankruptcy
Court.  (4-18-05 NNC Br., at 19.)  QCI, in its papers, states
that a QCI "affiliate . . . has filed proofs of claim in excess
of $49 million in the NorVergence bankruptcy."  (QCI Br., at 1,
n.1.)

    **THE COURT AGREES** with the responding parties, and concludes
there is "related to" jurisdiction under Section 1334.  <u>See</u>
<u>Belcufine v. Aloe</u>, 112 F.3d 633, 636-37 (3d Cir. 1997) (affirming
district court order holding, <u>inter alia</u>, existence of

defendant's indemnification claim against debtor demonstrated action brought against defendant could affect bankruptcy estate, and thus satisfied "related to" jurisdiction).  Thus, the Court intends to:  (1) vacate the order to show cause; (2) refer the action to the Bankruptcy Court pursuant to Section 157, see id. at 636-37 (affirming district court order, inter alia, referring "related to" action to Bankruptcy Court); (3) deny the pending separate motions by the defendants — (a) NNL and NNI, and (b) QCI — to dismiss the amended complaint insofar as asserted against them without prejudice to either (i) address the issues presented therein in Bankruptcy Court, or (ii) move to reinstate if the action is returned to this Court; and, (4) close the action.[1] For good cause appearing, the Court will issue an appropriate order and judgment.[2]

                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

---

[1]  The Court also will deny NNC's motion to dismiss the complaint insofar as asserted against it.  NNC requests that its motion be withdrawn, as it is not named in the amended complaint. (See dkt. entry no. 6, 3-31-05 Patterson Letter, at 1.)

[2]  In view of this determination, the Court will not address the other issues raised in the order to show cause.