UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WANLAND & ASSOCIATES, INC., | : | CIVIL ACTION NO. 05-1191 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| NORTEL NETWORKS LIMITED, | : |  |
| et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**THE COURT** having ordered the parties to show cause why the separate motions by the defendants — (1) Qwest Communications International, Inc. ("QCI"), (2) Nortel Networks Limited ("NNL") and Nortel Networks, Inc. ("NNI"), and (3) Robert J. Fine — to withdraw the reference of the action to the United States Bankruptcy Court should not be denied (dkt. entry no. 33);[1] and the Court having found previously that (1) nonparty NorVergence is a debtor in a federal bankruptcy proceeding, and has many adversary proceedings pending against it, (2) NorVergence agreed to indemnify and hold the defendants harmless for claims arising out of the use of its allegedly faulty products, (3) the plaintiff's claims against the defendants concern NorVergence's allegedly faulty products, (4) the commencement of the action triggered the indemnity agreement, and (5) the outcome of the action directly impacts NorVergence's liabilities and will affect

---

[1]  The separate motions were filed under Civil Action Nos. 05-4609 (MLC), 05-4610 (MLC), and 05-4677 (MLC).  Those actions were consolidated under this action.  (Dkt. entry no. 30.)

its creditors (dkt. entry nos. 29 & 30); and thus the Court having referred the action to the Bankruptcy Court under 28 U.S.C. § 157, see Belcufine v. Aloe, 112 F.3d 633, 636-37 (3d Cir. 1997) (affirming district court order (1) holding existence of defendant's indemnification claim against debtor demonstrated action brought against defendant could affect bankruptcy estate, and thus satisfied "related to" jurisdiction, and (2) referring action to Bankruptcy Court); and

**THE COURT** then reviewing the arguments of QCI — joined by NNL, NNI, and Fine — to withdraw the reference (see Civil Action No. 05-4609 (MLC), dkt. entry no. 1; Civil Action No. 05-4610 (MLC), dkt. entry no. 1; Civil Action No. 05-4677 (MLC), dkt. entry no. 1); and the Court — at that time — being inclined to deny the separate motions, but inviting the parties to provide further submissions on the issue (dkt. entry no. 33); and

**QCI FILING** further papers in support of its motion (dkt. entry no. 34, 11-30-05 QCI Br.); and QCI clarifying, and the Court agreeing, that this dispute is related to a bankruptcy proceeding, and does not comprise a core proceeding (id. at 1, 3); but QCI arguing that the Court should withdraw the reference because (1) the Bankruptcy Court lacks the authority to issue a final judgment in non-core proceedings, (2) the Bankruptcy Court will be limited to submitting proposed findings of fact and conclusions of law to this Court under 28 U.S.C. § 157(c), and

(3) not withdrawing the reference will increase the burden on the litigants and waste judicial resources, as the complaint purports to bring a class action; but

**THE COURT** nevertheless finding that the matter should be referred to the Bankruptcy Court, as (1) a decision in this Court may interfere with the Bankruptcy Court's oversight of the NorVergence federal bankruptcy proceeding, (2) resources will be conserved by allowing the Bankruptcy Court to oversee coordinated discovery, and (3) the potential prejudice to be suffered by this Court's interference in the NorVergence federal bankruptcy proceeding would be far greater that any purported prejudice that QCI, NNL, NNI, and Fine may suffer by going forward in Bankruptcy Court,[2] see Travelers Cas. & Sur. Co. v. Skinner Engine Co., 325 B.R. 372, 378-80 & n.1 (W.D. Pa. 2005) (denying motion to withdraw reference)[3], Wakefern Food Corp. v. C & S Wholesale

---

[2] The Court notes that the plaintiff does not object to the reference to Bankruptcy Court. (Dkt. entry no. 38.) Also, the defendants — as the action was brought initially in state court (see dkt. entry no. 1, Rmv. Not.) — could have avoided a reference to the Bankruptcy Court by not removing the action to federal court.

[3] The Court cited Skinner in the order to show cause. (Dkt. entry no. 33, 11-10-05 Order to Show Cause, at 2.) QCI argues that Skinner is inapplicable because the matter therein was a core proceeding. (11-30-05 QCI Br., at 10.) However, the Skinner court stated that its "decision would not change if we considered this to be a non-core proceeding." 325 B.R. at 379 n.1.

Grocers, No. 01-233, 2002 WL 1482392, at *5-*6 (D. Del. July 11, 2002) (denying same)[4], Gen. Elec. Cap. Corp. v. Teo, No. 01-1686, 2001 WL 1715777, at *6 (D.N.J. Dec. 14, 2001) (denying same)[5]; and it appearing further that the Bankruptcy Court may oversee a potential class action that is related to a bankruptcy proceeding, see Fed.R.Bankr.P. 7023, Lerch v. Iommazzo, 149 B.R. 767, 773-75 (Bankr. D.N.J. 1993); and

**THE COURT** thus intending to (1) grant the order to show cause, (2) deny the separate motions to withdraw the reference, (3) re-state that the action should be referred to the Bankruptcy Court, and (4) state that the Court will anticipate engaging in a de novo review of the Bankruptcy Court's proposed findings of

---

[4] The Court cited Wakefern in the order to show cause. (Dkt. entry no. 33, 11-10-05 Order to Show Cause, at 2.) QCI argues that Wakefern is distinguishable, as the Bankruptcy Court therein had heard several motions, and thus was familiar with the issues therein. (11-30-05 QCI Br., at 10.) However, the Bankruptcy Court has been overseeing the NorVergence federal bankruptcy proceeding for two years, and thus is more than capable of handling any issues that may arise. (See In re NorVergence, Bankr. No. 04-32079-RG, dkt. entry no. 1.)

[5] The Court cited Teo in the order to show cause. (Dkt. entry no. 33, 11-10-05 Order to Show Cause, at 2.) QCI argues that Teo is distinguishable, as the Teo court found there was a substantial factual overlap between the dispute at issue and twelve other bankruptcy proceedings. (11-30-05 QCI Br., at 10.) That assertion is incomplete. See 2001 WL 1715777, at *6 (noting, in addition, that dispute at issue could impact underlying bankruptcy proceeding, final resolution of merits might require reordering of creditor priorities in bankruptcy proceeding, and matter might be resolved before trial).

fact and conclusions of law; and for good cause appearing, the Court will issue an appropriate order and judgment.

            s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge